1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TIM DAVIS,                                No.  2:18-cv-0353 AC P

12              Plaintiff,

13        v.                                   <u>ORDER</u> and

14   MARION SPEARMAN, Warden,                  <u>FINDINGS AND RECOMMENDATIONS</u>

15              Defendant.

16

17        I.       <u>Introduction</u>

18        Plaintiff is a state prisoner incarcerated at High Desert State Prison (HDSP), under the

19   authority of the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff

20   initiated this action with a letter informing the court that his life was in danger, due to an alleged

21   conspiracy among kitchen and correctional staff to poison plaintiff's food, leading plaintiff to

22   engage in a hunger strike that had not been properly reported.  <u>See</u> ECF No. 1.  The court

23   immediately directed the Office of the California Attorney General (AG) to investigate plaintiff's

24   allegations.  <u>See</u> ECF No. 3.  As set forth in the AG's response filed six days later, the AG

25   immediately contacted the HDSP Litigation Coordinator who investigated plaintiff's allegations

26   and concluded, based on substantial information, that plaintiff's life was not in danger.  <u>See</u> ECF

27   No. 5.

28        Thereafter, the court informed plaintiff that he could proceed in this action only if he filed

1

a complaint stating cognizable claims, and paid the filing fee or obtained in forma pauperis status. See ECF No. 6; see also ECF No. 10. Plaintiff timely filed a proposed complaint, ECF No. 14 and a motion to proceed in forma pauperis, ECF No. 15, together with numerous additional requests for the court's immediate intervention, see ECF Nos. 12-3, 16-9.

Review of plaintiff's filings demonstrates that he neither exhausted nor commenced the prison administrative grievance process before filing his complaint, requiring the dismissal of this action and the denial of plaintiff's requests for court intervention.

II.     In Forma Pauperis Application

Plaintiff's application to proceed in forma pauperis and prison trust account statement make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 15, will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

III.    Legal Standards for Screening of Plaintiff's Complaint

A.      Screening Prisoner Complaints Under 28 U.S.C. § 1915A

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.

Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. '" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B.     PLRA Requirement of Administrative Exhaustion

"The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1854-55 (June 6, 2016) (quoting 42 U.S.C. § 1997e(a)). "There is no question that exhaustion is mandatory under the PLRA[.]" Jones v. Bock, 549 U.S. 199, 211 (2007) (citation omitted) (cited with approval in Ross, 136 S. Ct. at 1856). Although a plaintiff may add newly exhausted claims in an amended complaint, he may not allege unexhausted claims in an original complaint if administrative remedies remain available. Rhodes v. Robinson, 621 F.3d 1002, 1007 (9th Cir. 2010) (the "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims"); accord, Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012).

If a court concludes that a prisoner failed to exhaust his available administrative remedies, the proper remedy is dismissal without prejudice. See Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005). Although dismissal for failure to exhaust must generally be brought and decided pursuant to a motion for summary judgment, Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014), an exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint," id. at 1166 (defendant may move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)); see also Jones, 549 U.S. at 215 (dismissal appropriate when affirmative defense appears on face of complaint); accord, Sorce v. Garikpaetiti, 2014 WL 2506213, *3, 2014 U.S.

Dist. LEXIS 76431, at *8 (S.D. Cal. 2014) ("based on Plaintiff's concession of nonexhaustion, which is clear and unequivocal on the face of his Complaint, the Court finds Plaintiff's case must be dismissed for failing to state a claim upon which any relief may be granted") (citations omitted); Young v. Unnamed, Secretary of CDCR, 2014 WL 5176386, *4, 2014 U.S. Dist. LEXIS 146472, at *8 (S.D. Cal. 2014) (same); Lucas v. Director of Dept. of Corrections, 2015 WL 1014037, *4, 2015 U.S. Dist. LEXIS 27957, at *9 (E.D. Cal. 2015) ("[P]laintiff's attempt to initiate federal litigation prior to his full administrative exhaustion requires dismissal of this civil action without prejudice to plaintiff's bringing of his now exhausted claims in a new civil action") (citations omitted).

IV.     Screening of Plaintiff's Complaint

In the present complaint, plaintiff asserts four claims premised, inter alia, on the alleged contamination of his food pursuant to a conspiracy among defendants HDSP Warden, the Associate Warden, a food administrator, and plaintiff's mental health clinician.  Plaintiff concedes that prison administrative remedies were available when he filed his complaint but asserts that he did not pursue them because doing so would have subjected him to "more harm." See ECF No. 14 at 3-6.  Plaintiff has attached a copy of an inmate appeal that he signed on February 4, 2018, but did not submit; in the space allotted for "Staff Use Only," plaintiff wrote, "Did not file out of fear for my life." Id. at 8.

The administrative exhaustion requirement is based on the important policy concern that prison officials should have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones, 549 U.S. at 204.  "The bottom line is that a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances.  He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed.  It would be inconsistent with the objectives of the [PLRA] to let him submit his complaint any earlier than that."  Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).

Because it is clear from the face of the complaint that plaintiff did not attempt to pursue his claims through the inmate appeal process before commencing this action, this is one of those

4

rare cases in which dismissal for nonexhaustion is appropriate upon screening under 28 U.S.C. § 1915A(b)(1).  See Albino, 474 F.3d at 1166.  Plaintiff's concerns in utilizing the prison appeal process should be eased by the fact that HDSP officials are now fully aware of plaintiff's claims as well as the court's concerns, and are required to address these matters in the first instance.

V.    Motions for Court Intervention

Plaintiff has filed numerous additional requests for the court's intervention and protection.  See ECF Nos. 12-13, 16-19.  The court has reviewed each of these requests and finds them similar in content and tone to plaintiff's initial letter.

The court construes these matters as ex parte requests for temporary restraining orders.  See Fed. R. Civ. P. 65.[1]  The legal standards for obtaining a temporary restraining order are essentially identical to those for obtaining a preliminary injunction.  See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits.'"  Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (quoting L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir.1980)).[2]

In the absence of an "action on the merits," there is no status quo to preserve in this case.  Dismissal of plaintiff's complaint for failure to exhaust administrative remedies renders moot his requests for the court's intervention to preserve the status quo, which should therefore be denied

---

[1]  Under Rule 65, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party" only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1).  Obtaining ex parte relief under Rule 65 is limited to situations where notice to the adverse party would likely prove useless.  See Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006) (citing cases).
[2]  In evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); accord Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).

without prejudice.  This result is supported by the early investigation of plaintiff's claims by the AG and HDSP Litigation Coordinator.  See ECF No. 5.

VI.    Summary

This action should be dismissed without prejudice due to plaintiff's failure to exhaust prison administrative remedies before filing his complaint.  Plaintiff's requests for court intervention are rendered moot by the dismissal of this action and should be denied without prejudice.

VII.    Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's application to proceed in forma pauperis, ECF No. 15, is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order filed concurrently herewith.

3.  The Clerk of Court is directed to randomly assign a district judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that:

1.  This action be dismissed without prejudice due to plaintiff's failure to exhaust prison administrative remedies before filing his complaint; and

2.  Plaintiff's requests for court intervention, ECF Nos. 12-13, 16-19, be denied without prejudice because rendered moot by the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

////

////

////

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: May 23, 2018

4  _____
   ALLISON CLAIRE

5  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28